**In re AMAREX, INC., et al., Debtor.**

**Bankruptcy No. BK–82–2335–A.**

United States Bankruptcy Court,
W.D. Oklahoma.

June 10, 1985.

---

John Buck of Bracewell & Patterson, Houston, Tex., for Templeton Energy, Inc.

John Richards Lee and Gregory P. von Schaumburg, Chicago, Ill., for S.E.C.

## CORRECTED ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

Pursuant to Bankruptcy Rule 9024 which adopts Civil Rule 60(a), the Order entered on May 31, 1985 concerning the objection made by Continental Illinois National Bank and Trust Company of Chicago to the disclosure statement proposed by the Trade Creditors Committee, is corrected by the court on its own initiative to read in its entirety as follows:

Continental Illinois National Bank and Trust Company of Chicago has raised an objection to the disclosure statement proposed by the Trade Creditors Committee, one of the proponents of the plan of reorganization in this case. In sum, the proposed plan provides that shares of Templeton Energy, Inc. would be issued to creditors of the debtor and the debtor would be merged into a subsidiary of Templeton. It states that this form of reorganization is proposed for business and tax reasons.

In issuing its securities, Templeton would rely upon section 1145 of the Bankruptcy Code and not register the securities under section 5 of the Securities Act of 1933. In its objection the bank contends that the exemption is unavailable under this triangular reorganization for (1) Templeton would be an underwriter as that term is used in section 1145, and (2) the securities would be issued by Templeton which is not a successor to the debtor. The only authority found relating to the first issue is *In re The Stanley Hotel, Inc.*, 13 B.R. 926 (Bankr.D.Colo.1981), which is persuasive. In that authority, Judge Moore held that the Code does not intend that the debtor or successor be considered an underwriter for purposes of section 1145. This decision is well reasoned and there appears no reason to deviate from it.

Charles E. Matheson of Fairfield and Woods, Denver, Colo., for Continental Illinois Nat. Bank and Trust Co. of Chicago.

William D. Neary of Thompson & Knight, Dallas, Tex., and Louis J. Price of McAfee & Taft, Oklahoma City, Okl., for Official Trade Creditors' Committee of Amarex, Inc.

**14**

There do not appear to be any reported decisions dealing with the issue of whether Templeton cannot qualify for the exemption because technically it may not be a successor. At the court's request the Securities and Exchange Commission has served and filed its memorandum on the issue. The Commission points out that in several occasions it has issued "no-action" responses in similar circumstances and urges that the court hold that the exemption would apply.

The obvious purpose of section 1145 is to encourage reorganization and to relieve bankrupt entities of the strict requirements of securities laws so long as adequate disclosure is made. Templeton, the parent, reports under the Securities Exchange Act of 1934 and information concerning it is available through that source and the disclosure statement, when and if it is approved.

■ In its memorandum, the Commission states "[w]e do not believe that the policies of the Code would be served by reading the 'successor' language in section 1145(a)(1) so narrowly as to render the triangular acquisition alternative unavailable under Chapter 11." This reasoning is persuasive and is in keeping with Congress' intent that reorganization be facilitated without following the registration requirements of the Securities Act of 1933 where adequate information is provided through the reorganization disclosure process.

Accordingly, the objection of Continental Illinois National Bank and Trust Company of Chicago is denied.